WISCONSIN ASSOCIATION OF MASTER BAKERS and others vs. WEIGLE, Dairy and Food Commissioner.

*May 4—June 19, 1918.*

*Constitutional law: Police power: Licensing of bakeries: Classification: Validity: Equality: Discrimination: License fees: Exemption of part of licensees.*

1. Assuming that ch. 648, Laws 1917 (secs. 1410$d$—1 to 1410$d$—8, Stats. 1917), relating to the regulation and licensing of bakeries and other similar establishments, is an exercise of the police power in the interest of the public health, and that the prescribed license fees are not exacted for revenue purposes but merely to meet the expense of licensing and supervising such establishments, it is *held* that the amount of baking surface operated is a proper basis for a classification of bakeries, such as is made in sec. 7 of the act (sub. 2$a$, sec. 1410$d$—6, Stats. 1917), which fixes at $5 the license fee for operating a bakery having more than twenty and less than fifty-one square feet of baking surface, and at $10 the fee for a bakery having fifty-one or more square feet of baking surface:

2. A classification made by the legislature upon a proper basis cannot be held invalid, even though a more just classification may be suggested, unless it is clear beyond a reasonable doubt that there are no legitimate reasonable grounds for the classification made.

3. In the exercise of the police power of the state the legislature is limited by the constitutional provision that restraints and burdens imposed shall affect all persons equally; but persons and property may be separated into classes, provided they have characteristics legitimately distinguishing the members of one class from those of another in respects germane to some general public purpose.

4. The licensing and inspection of all bakeries being required, in the interest of public health, by the act of 1917, the legislature had power to classify bakeries and determine the amount of license fees to be paid in each of the respective classes, but had no power to exempt a part of the licensees from the payment of any fee and thus cast the whole burden upon the nonexempted classes. Hence sec. 7 of the act, fixing the license fees to be paid by bakeries in the other classes, but wholly exempting from any such payment all bakeries operating less than twenty square feet of baking surface, is invalid.

THIS is a proceeding brought under the original jurisdiction of this court praying for a writ of *mandamus* to compel the dairy and food commissioner of the state of Wisconsin to issue to the petitioners and those similarly situated licenses in accordance with the law without payment of the fee prescribed by ch. 648, Laws 1917, the purpose of this proceeding being to test the constitutionality of sec. 7, ch. 648, Laws 1917. The original petition has been twice amended. In the statement of facts the petition will be treated as if originally filed as now amended, without further comment as to the amendments. Without attempting to set out all the purely formal matters alleged in the petition, the material facts are as follows: That the individual petitioners and the members of the *Wisconsin Association of Master Bakers* which operate bakeries in this state are required by the terms of sec. 7, ch. 648, Laws 1917, to pay a fee to the state for a license to operate such bakeries, and that unless such fee is paid the license required by the laws of this state to operate a bakery cannot be procured and petitioners will be liable to criminal prosecution and punishment; that many of the individual members of the *Association,* petitioner, bake ice-cream cones, and by the terms of said chapter are required to pay a further license by reason thereof; that some of the individual members of the *Association,* in addition to operating a bakery, are engaged in baking macaroni, manufacturing candy and ice cream for wholesale trade, manufacturing candy and ice cream for their own retail

trade, and conducting a lunch counter for their own retail trade, manufacturing pop and soda water for retail trade, and that for carrying on these businesses they are also required to procure a license; that respondent is the dairy and food commissioner of the state of Wisconsin and as such is charged with the duty of enforcing the provisions of ch. 648, Laws 1917, and of prosecuting any persons who conduct a bakery business without first procuring a license therefor; that 125 baking establishments operate 20 square feet or less of baking surface each; that 88 baking establishments operate more than 20 and less than 51 square feet of baking surface each; that 450 operate more than 51 and less than 100 square feet of baking surface each; that 375 operate more than 100 and less than 150 square feet of baking surface each; that 45 operate more than 150 and less than 400 square feet of baking surface each; that 23 operate more than 400 and less than 1,000 square feet of baking surface each; that 2 operate more than 1,000 and less than 1,500 square feet of baking surface each; that 5 operate more than 1,500 square feet of baking surface each.

(a) That the aggregate annual expenditure for bakery and confectionery license and regulation by the state commission administering the bakery and confectionery license and regulation law, immediately prior to the enactment of ch. 648, Laws 1917, was about $3,500, apportioned approximately as follows, as to the bakeries:

(1) For bakeries operating less than 20 square feet of baking surface, $1 each.

(2) For bakeries operating more than 20 and less than 51 square feet of baking surface, $2 each.

(3) For bakeries operating more than 51 and less than 100 square feet of baking surface, $3 each.

(4) For bakeries operating more than 100 square feet of baking surface, $5 each, and $2 additional for each baking device more than one.

(b) There are operated in the state of Wisconsin in the

bakeries subject to the bakery license and regulation law the following baking devices:

(1) Eight baking devices of between 400 and 500 square feet of baking surface.

(2) Six baking devices of between 300 and 400 square feet of baking surface.

(3) No baking devices between 150 and 300 square feet of baking surface.

(4) Four hundred baking devices of between 80 and 150 square feet of baking surface.

(5) The balance of the baking devices operated are of less than 80 square feet of baking surface.

The petition also sets out in detail the facts and circumstances as to the operation of other business jointly with the baking business, such as the baking of macaroni, manufacture of ice cream, confectionery, and other edibles, which in the view we take of this case are not material here.

It is also alleged that "the license fees required to be paid by bakeries of the state by the terms of ch. 648, Laws 1917, are calculated only to meet the expense of licensing and supervising the bakeries and confectioneries enumerated in ch. 648, Laws 1917, and the aggregate of the license fees that would be paid by the bakeries and confectioneries of the state under the terms of said ch. 648 would only equal the expense contemplated by the said law. Inspection service is rendered in and regulatory supervision exercised over bakeries and confectioneries in the state, independent of the number of square feet of baking surface, by public health officers as well as by the bakery inspector and other representatives of the state dairy and food commission. The license-fee provisions of said ch. 648 were designed as a police measure and not as a tax measure." The petition further alleges that the danger to public health arising from the operation of bakeries is in proportion to the number of square feet of baking surface.

Upon the filing of the petition an alternative writ was issued

requiring the respondent to issue to each of the petitioners, and to all others similarly situated, a license to operate a bakery and other licenses referred to in said petitions, without the payment of the license fees provided by ch. 648, Laws 1917, and that in default thereof he show cause before this court why he has not done so. The matter was continued by stipulation. There was subsequently, on the part of the respondent, a motion to quash the alternative writ, on the ground that neither the petition nor the alternative writ states facts showing that any of the parties are entitled to the writ of *mandamus* as prayed. Upon such motion the matter was argued orally to the court and briefs presented by counsel on both sides:

For the petitioners there was a brief by *Crownhart & Wylie* of Madison, and oral argument by *F. M. Wylie* and *C. H. Crownhart.*

For the respondent there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

ROSENBERRY, J. Prior to the passage of ch. 648, Laws 1917, except as to the payment of license fees, the law regulating bakeries and providing for the inspection thereof and other establishments referred to in the petition was substantially as it now is. It is not claimed that the law as it stood prior to the enactment of ch. 648, Laws 1917, is unconstitutional or void. The law has been before this court in *State ex rel. Ohlenforst v. Beck,* 139 Wis. 37, 119 N. W. 300, and in *Benz v. Kremer,* 142 Wis. 1, 125 N. W. 99, and in the aspects there considered has been upheld as a constitutional exercise of the police power of the state. That part of the law now assailed is the provisions of sec. 7, ch. 648, being sub. 2*a,* sec. 1410*d*—6, Stats. 1917:

"The license fee for establishing or operating a bakery shall be five dollars for every bakery equipped with a stove or stoves,

oven or ovens, or other baking device or devices having more than twenty square feet and less than fifty-one square feet of baking surface, and ten dollars for every bakery equipped with a stove or stoves, oven or ovens, or other baking device or devices having fifty-one or more square feet of baking surface. No fee shall be required for the use or operation of a stove, oven or other baking device having less than twenty square feet of baking surface; five dollars for every cone bakery and every macaroni bakery; ten dollars for every confectionery establishment manufacturing candy or ice cream for whole-sale trade; two dollars for every confectionery establishment manufacturing candy or ice cream for their own retail trade only."

In the consideration of the questions raised here we assume that the whole law is an exercise of the police power in the interest of the public health; that the fee required to be paid as a condition of procuring the license is not exacted for the purpose of revenue, but that its object is the reimbursement of the state for licensing and the supervisory service rendered under and pursuant to the law.

It is argued that the classification made by the subsection in question is not based upon distinctions germane to the purpose of the law and that it is arbitrary and unjust.

We must hold that the amount of baking surface operated by each establishment is a proper basis of classification. For aught that appears in this case no more just basis of classification could be adopted. While in individual cases the amount of baking surface operated may not bear an exact ratio to the amount of business done, still it is doubtless as accurate and fair as any basis of classification that could be adopted, particularly when the admitted fact that the menace to the public health is in proportion to the number of square feet of baking surface operated by each bakery is considered. The legislature having adopted a proper basis of classification, we cannot say that the classification made offends any constitutional provision, unless we can say that no argument or considera-

tion of public policy exists which could have weight with a reasonable and honest man in making the classification adopted; for if such reason or argument does exist, the weight or sufficiency of it is not for the courts, but is for the legislature. We cannot assume that no legitimate and adequate reasons exist for the classification made. It is only when it is made to appear clear beyond reasonable doubt that there are no just arguments or considerations of public policy which exist upon which the classification may be based that the court can declare the act of the legislature unreasonable in a legal sense and therefore void. *State ex rel. Kellogg v. Currens,* 111 Wis. 431, 87 N. W. 561.

The provision in question may be subjected to many valid criticisms; many weighty arguments may be directed against it, and a classification much more likely to do justice may be suggested; but these are matters which are properly for the consideration of the legislature, and we cannot say that in this case it is clear beyond a reasonable doubt that there are no legitimate reasonable grounds for the classification made.

It is argued that, even if the classification be upheld, the exemption of part of the licensed class from the payment of any license fee is discriminatory. This contention is sound and rests upon the most elementary principles. In the exercise of the police power of the state the legislature is limited by the constitutional provision that restraints and burdens imposed shall affect all persons equally. Sec. 1, art. I, Const. Wis.; sec. 1, Amend. XIV, Const. U. S.; *State v. Whitcom,* 122 Wis. 110, 99 N. W. 468. Uniformity and equality under the constitution of the United States as well as of the state of Wisconsin are so construed as to enable a practical application to be made in the conduct of governmental affairs. The rule permits the separation of persons and of property into classes, provided they have characteristics legitimately distinguishing the members of one class from those of another in respects germane to some general public purpose. *State ex rel. Kel-*

*logg v. Currens,* 111 Wis. 431, 87 N. W. 561; *State v. Whitcom,* 122 Wis. 110, 99 N. W. 468.

Having in the exercise of the police power declared that all bakeries in the interest of the public health should be licensed and that a fee for such licensing should be exacted to cover in whole or in part the cost of licensing and supervision, upon what principle can it be said. that a part of the licensed class can be wholly exempted? Such a provision clearly offends against the rule of equality. While it is within the province of the legislature within established rules to make classifications and subclassifications and to determine the amount of fees to be paid by each of the respective classes and subclasses, it is nevertheless beyond the power of the legislature to wholly exempt a part of the licensees and cast the whole burden upon the nonexempted subclasses.

If the legislature had said that those bakeries which came within the definition of the exempted class did not require inspection and licensing and thereby had exempted them from licensing and inspection as well as the payment of the fee, it would have acted wholly within the constitutional field; but having said that in the interest of the public health bakeries operating less than twenty square feet of baking surface do require licensing, inspection, and supervision, and having declared that the licensed class shall bear the expense of licensing and inspection, it cannot wholly exempt a part of the licensees and cast the whole burden upon the nonexempted subclasses. Such a provision is clearly arbitrary and discriminatory.

While the legislature has a wide discretion acting within constitutional limits, its acts are void if they contravene the provisions of the constitution. Although the departure in this case is followed by comparatively slight inequalities, the character of these inequalities, however, is not affected by their size as measured in dollars and cents. Equality before the law is one of the fundamental principles upon which our

institutions rest, and like the virtue of a woman it must be held sacredly inviolate or it does not exist.

We are of the opinion that the exemption of a part of the licensed class from bearing any part of the expense of licensing and inspection renders sec. 7, ch. 648, Laws 1917, void. The remainder of the law having stood substantially in its present form prior to the enactment of ch. 648, Laws 1917, is not affected by this decision and continues in full force and effect.

*By the Court.*—The motion to quash the alternative writ is denied, and it is ordered that a peremptory writ as prayed for issue. No costs to be taxed.