PINKERTON and another, Appellants, vs. BUECH and others, Respondents.

MANUFACTURERS &' MERCHANTS INSPECTION BUREAU, Appellant, vs. SAME, Respondents.

FERRIS, Appellant, vs. SAME, Respondents.

*October 22, 1920—March 8, 1921.*

*Detectives: Regulation by legislature: Constitutional law: Licenses: Determination of competency and integrity of applicants: Requirement that police authorities approve application: Review: Injunction against arrest under void statute.*

1. Injunction against issuing or applying for the issuance of warrants may be invoked to protect property rights and for protection against prosecution in criminal proceedings under invalid statutes.
2. Under its police power the legislature may regulate private detectives, as has been done by ch. 444, Laws 1919 (sec. 1636—12m, Stats. 1919).
3. Ch. 444, Laws 1919, providing in sec. 1 that the business of private detective agencies shall not be conducted without a license; in sec. 2 that any person, partnership, or corporation intending to act as a private detective and establish an office in any city in this state shall present to the secretary of state an application which must be approved by the fire and police commission of those cities having such a commission, and by the chief of police in other cities wherein the office is located; and in sec. 3 that the secretary of state shall issue to the applicant a license if he shall find him to be of good character, competency, and integrity, the requirements as to competency, character, and integrity furnish a standard for action by the fire and police commissions of municipalities in approving or disapproving the application of those desiring to become private detectives.
4. The provision of the act that the application for a license shall be submitted to the fire and police commissions of municipalities or to the chief of police is not an unlawful delega-

tion of legislative power, the act providing a standard of qualifications and authorizing the issuance of a license only to persons of good character, competency, and integrity.

5. Although the act itself establishes no system for review by the courts, yet where administrative officers, vested with the power to determine the applicant's character, qualifications, and integrity, act arbitrarily and wrongfully refuse approval, the courts may review the matter by proper remedies.

6. The provision that the application shall be approved by the fire and police commission in cities having such commission and in others by the chief of police, and in addition by five reputable citizens, is not discriminatory as between applicants intending to engage in the business of private detectives in cities having such a commission and those in cities having none, the classification resting practically on matters of enforcement.

7. A complaint by applicants desiring to engage in the business of private detectives that the fire and police commission of the city of Milwaukee, authorized by ch. 444, Laws 1919, to pass on their applications, capriciously and wrongfully refused to grant the applications, states a good cause of action, and is not subject to demurrer.

APPEALS from an order of the circuit court for Milwaukee county: G. N. RISJORD, Judge. *Reversed.*

The complaints in the cases are substantially the same and allege that the plaintiffs made application to the police and fire commission of the city of Milwaukee pursuant to the provisions of ch. 444, Laws 1919, for approval of applications to engage in the business of private detective for hire, but that the members of the commission, acting arbitrarily, capriciously, and in entire disregard of the evidence presented to it and of the facts, refused to grant its approval. A general demurrer was filed by defendants to the complaint in each case.

Upon a hearing the circuit court entered an order vacating and setting aside an order theretofore made restraining the defendants from issuing or applying for the issuance of any warrant for the arrest of the plaintiffs, their agents or employees, for violating the provisions of ch. 444, Laws 1919, and also sustaining the demurrer to the plaintiffs' complaint, with leave to amend within twenty days.

Pinkerton v. Buech, 173 Wis. 433.

For the appellants *Pinkerton* there was a brief by *Roehr & Steinmetz,* attorneys, and *Julius E. Roehr,* of counsel, all of Milwaukee; and the cause was argued orally by *Julius E. Roehr.*

For the appellant *Manufacturers & Merchants Inspection Bureau* there was a brief by *Lamfrom, Tighe & Wallach,* attorneys, and *Leon B. Lamfrom* and *Marvin W. Wallach,* of counsel, all of Milwaukee; and the cause was argued orally by *Leon B. Lamfrom.*

For the appellant *Ferris* there was a brief by *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *Willet M. Spooner.*

For the respondents there was a brief by *Winfred C. Zabel,* district attorney of Milwaukee county, *Daniel W. Sullivan,* first assistant district attorney, and *William L. Tibbs,* special assistant district attorney; and the cause was argued orally by *Mr. Sullivan* and *Mr. Tibbs.*

The following opinion was filed January 11, 1921:

SIEBECKER, C. J.    The remedy by injunction is properly invoked by the plaintiffs in this action to protect them in their property rights and against prosecution in criminal proceedings under invalid statutes. "It is well settled that where property rights will be destroyed, unlawful interference by criminal proceedings under a void law or ordinance may be reached and controlled by a decree of a court of equity." *Dobbin v. Los Angeles,* 195 U. S. 223, 25 Sup. Ct. 18; *Bonnett v. Vallier,* 136 Wis. 193, 116 N. W. 885; *Income Tax Cases,* 148 Wis. 456, 134 N. W. 673, 135 N. W. 164; *Wadhams Oil Co. v. Tracy,* 141 Wis. 150, 123 N. W. 785.

The subject embraced in ch. 444, Laws of 1919 (sec. 1636—12m, Stats.), is a proper one for legislative regulation within the police power. *Lehon v. Atlanta,* 242 U. S. 53, 37 Sup. Ct. 70; *Fox v. Smith,* 123 App. Div. 369, 108 N. Y. Supp. 181.

"Under the power reserved to the state to regulate the relative rights and duties of persons within its territory, it may lawfully require examinations to determine the general fitness of a person engaging in vocations directly connected with public safety or person and property." 17 Ruling Case Law, p. 547, § 62.

The occupations, trades, and callings subject to license and regulation are most extensive in range and variety. For a partial list of them see 17 Ruling Case Law, pp. 548, 549, § 63. ·

Ch. 444, Laws 1919, provides for the regulation of private detective agencies and prescribes penalties for its violation. Sec. 1 provides that such business shall not be conducted by any person, copartnership, or corporation without first having obtained a license to do so from the secretary of state. Sec. 2 enacts that:

"Any person, copartnership or corporation intending to act as a private detective for hire or reward or to conduct the business of private detective or detective agency or advertise said business shall present to the secretary of state and file in his office a written application duly signed and verified . . ." by the applicant in person, or the copartners, or by the specified officer if applicant is a corporation; "and if such person, copartnership or corporation intends to establish an office in any city in this state such application must be approved in each instance by the fire and police commission of those cities having a fire and police commission, but in those cities where there is no fire and police commission by the chief of police of said city and, in addition thereto, by not less than five reputable citizens, freeholders of the county where the applicant or applicants propose to establish such office."

The application must, among other things, state the city of the proposed place of business, *"and such further facts as will show the good character, competency and integrity of such applicant."* Sec. 3 provides that the secretary of state shall issue to the applicant a license if he shall find him to be of *good character, competency and integrity.*

upon the payment of $200 license fee and the furnishing of the required bond. The complaint charges that the plaintiffs duly applied to the fire and police commission of the city of Milwaukee for approval of their application to the secretary of state for such license, but that the commissioners wrongfully and arbitrarily refused to approve the application. The appellants admit that the standard of qualifications prescribed by the act to be applied by the secretary of state in determining whether or not an applicant for such a license is a proper person to be licensed to conduct the business of private detective for hire is an appropriate regulation. It is claimed (1) that no standard or test of qualifications of such an applicant is provided for upon which the fire and police commission or the chief of police of a city are to act for approving a written application for such a license, and that such commissioners and chief of police are therefore vested with an arbitrary power in giving or withholding their approval of the written application for such a license, and that this renders the legislation invalid as violative of plaintiffs' constitutional rights, in that it deprives them of due process of law and of the equal protection of the law; (2) that the act attempts to confer legislative power on a municipal agency and officer; (3) that plaintiffs are deprived of the right of judicial review of the wrongful acts of such municipal agency or officer; and (4) that the act is discriminatory between persons seeking to pursue the same vocation.

The test and standard of qualifications prescribed by the statute for obtaining the license is that the applicant shall be a person of *good character, competency,* and *integrity.* This standard is an ascertainable and known one, and is readily understood as a matter of common knowledge when applied to the subject to which it refers. It is one frequently employed in legislative regulations for licensing vocations and has been applied in many instances in the legislation of this and other states. It is strenuously asserted that the

provisions of sec. 2 of this act do not prescribe any standard of qualifications upon which the fire and police commission or chief of police are to act in granting or withholding approval of the written application for such a license to the secretary of state, and that the provisions of the act permit them to deny their approval in an arbitrary manner. A reading of the whole act and a study of the relations of its various provisions indicate that the legislature had in mind a regulation of private detective business for the purpose of securing the business against persons *who lacked good character, competency, and integrity,* and to assure the public that those persons licensed to engage in this business possess these qualifications. The provisions of sec. 2 must be construed in view of this object. The parts of this section providing for the approval of the written application by the fire and police commission or the chief of police before filing it with the secretary of state is followed by the provision that:

"Such application shall state the age, residence, present and previous occupation of such applicant or applicants and the name of the city where the principal place of business is, or is to be located, and such further facts as will show *the good character, competency and integrity* of such applicant or applicants."

Manifestly the facts thus required to be shown by the written application are declared by legislative action as the standard of qualifications which entitles the applicant to have his application approved. It naturally follows from this that approval or disapproval of the application is to be based on such standard of qualifications and that the facts shown by the written application are to be acted on by the persons designated in the statute to perform this duty.

As declared in *Milwaukee v. Ruplinger,* 155 Wis. 391, 395, 145 N. W. 42, "There is no principle better established than that a law may be made, complete in itself, and be left to some officer or tribunal to determine the facts requisite

to application of the enactment to a given case." · It is manifest from the provisions of this law that the legislature· intended· to provide a method of licensing private ·detective agencies who possess the qualifications prescribed· in˜ the law, and that the fire and police commissions or chiefs of police are to pass on such qualifications to be presented to the secretary of state upon the facts disclosed in the written application. We perceive no reason why the legislature may not select such officers specified in the law as an appropriate agency to perform this duty. Such officers by reason of their official duties are naturally considered well qualified. to pass judgment on matters involved in discharging this function. The object sought to be accomplished by the act is that only such persons are to be licensed to engage in private detective business as meet the calls of the standards prescribed by the legislature. This method of ascertaining such qualification or regulating vocations and businesses has been approved in various cases. *Mehlos v. Milwaukee*, 156 Wis. 591, 606, 146 N. W. 882; *State ex rel. Buell v. Frear*, 146 Wis. 291, 131 N. W. 832; *Milwaukee v. Ruplinger*, 155 Wis. 391, 145 N. W. 42; *State v. Lange C. Co.* 164 Wis. 228, 157 N. W. 777, 160 N. W. 57; *State ex rel. Adams v. Burdge*, 95 Wis. 390, 70 N. W. 347; 17 Ruling Case Law, p. 541, § 58 *et seq.*

. It is urged that applicants for licenses are deprived of judicial review in case the secretary of state and the persons whose approval of the application is required arbitrarily and wrongfully refuse such approval and thus deprive the applicant of his right to a license. It is a well established principle of law that capricious or fraudulent conduct in the discharge of an administrative or *quasi*-judicial duty can be reviewed by the courts and an appropriate remedy be employed to redress the wrong thereby. committed.

In speaking on this subject, this court in *State ex rel. Coffey v. Chittenden*, 112 Wis. 569, 88 N. W. 587, says:

"Where there is no reasonable ground to justify a de-

cision by such officer or board other than one way, and there is a failure to act accordingly, the function of a *mandamus* proceeding is broad enough to remedy the mischief by compelling the making of such decision, in perfect harmony with the rule that the office thereof is not to control discretionary authority, but to compel the exercise thereof. . . . [If] no reasonable ground for any conclusion other than that the conditions precedent to the performance of such duty exist, and a decision is made to the contrary or performance thereof is refused, such conduct is not the exercise of discretionary power, but a refusal to exercise it,—a refusal or neglect to perform a plain duty imposed by law; and, there being no adequate legal remedy, the way is open for the extraordinary jurisdiction of the court to award its writ of *mandamus.*"

The cases there cited need not be repeated. If, under the pretense of exercising the power of disapproval, the fire and police commissioners and the chief of police act in manifest disregard of the facts before them, resulting in injustice, gross abuse, or avoidance of duty, the power of the courts can be invoked to redress the wrong, on the ground that such action in contemplation of law is not a discharge of a discretionary duty, but a substitution of an "arbitrary and fraudulent disposition and determination of the question submitted for the honest discretion demanded by law." *State ex rel. Brown v. Dental Examiners,* 38 Wash. 325, 80 Pac. 544; *State ex rel. Buchanan v. Kellogg,* 95 Wis. 672, 70 N. W. 300.

It is contended that the act unlawfully discriminates between applicants intending to engage in business in cities having a fire and police commission and those in cities having no such commission, and that it unlawfully discriminates against persons intending to locate in cities as compared with those located outside of cities. These distinctions rest largely on grounds pertaining to the practical enforcement of the policy to regulate this business. In that field the legislature has the broadest discretion. "The question is not whether there may be some on one side of the line

Pinkerton v. Buech, 173 Wis. 433.

whose situation is practically the same as that of some on the other side, but whether there is a 'distinction between the classes as classes, whether there are characteristics which, in a greater degree, persist through the one class than in the other which justify legal discrimination between them.' " *Borgnis v. Falk Co.* 147 Wis. 327, 356, 133 N. W. 209.

A detective agency located in cities in the nature of things operates in a field clearly distinguishable from one operating in the country outside of cities and constitutes a distinction that warrants the legislature in providing different regulations for it. Obviously the state attempted to select the persons to act for it in passing on the qualifications of applicants to operate in cities who are well informed on the subject and have knowledge concerning the business. It would seem that the fire and police commissioners and chiefs of police of cities are more likely to meet these requirements than the generality of citizens and hence were appropriately and properly designated by the legislature. We discover no discrimination in any respect in selecting these two agencies for this purpose in different cities.

"It is the duty and function of the legislature to discern and correct evils, and by evils we do not mean some definite injury, but obstacles to a greater public welfare. . . . And we repeat, 'it may make discriminations if founded on distinctions that we cannot pronounce unreasonable and purely arbitrary.' " *Rast v. Van Deman & Lewis Co.* 240 U. S. 342, 36 Sup. Ct. 370.

We discover nothing in this legislation resulting in a denial of the equal protection of the law or due process of law, nor does the act confer legislative power on persons or deprive any one of the right to redress legal wrongs by judicial review. It is considered that the trial court correctly held the law to be valid and properly vacated the restraining order entered against the defendants. The complaints allege that the fire and police commission arbitrarily and unjustifiably refused to approve the plaintiffs' application

for a license.   This states a good cause of action, and the court improperly held that the demurrer to the complaint should be sustained.

*By the Court.*—The order appealed from is reversed, and the cause remanded with direction that the court enter an order in conformity with this opinion.   Neither party to recover costs in this court, the appellant to pay the clerk's fees.

A motion for a rehearing was denied, without costs, on March 8, 1921.