WATTS, by guardian *ad litem,* Respondent, vs. RENT-A-FORD COMPANY, imp., Appellant.

*April 10—May 12, 1931.*

For the appellant there was a brief by *Mehigan & Regan*, attorneys, and *William F. Hannan* of counsel, all of Milwaukee, and oral argument by *Mr. Hannan* and *Mr. Irving P. Mehigan*.

For the respondent there was a brief by *Rubin & Zabel* of Milwaukee, and oral argument by *Winfred C. Zabel*.

FOWLER, J. The complaint is based on sec. 85.215, Stats., which reads as follows:

"(1) No person, firm or corporation shall for compensation rent any motor vehicle to be operated by or with the consent of the person renting the same, unless there shall be filed with the city clerk of the city where such motor vehicle *is ordinarily kept for rent,* a good and sufficient bond or policy of insurance issued by a company or exchange organized under the laws of the state of Wisconsin, or duly authorized to transact business therein, which shall provide that the company or exchange issuing the same shall be liable to the person sustaining injury or damage to property, and shall pay all damages for injuries to persons not exceeding five thousand dollars for any one accident, or damages to property not exceeding one thousand dollars for any one accident due to the negligent operation of such motor vehicle.

"(2) Any person, firm or corporation failing to comply with the provisions of this section shall be directly liable for all damages to persons or property caused by negligence of the person operating such rented vehicle, to the extent that such liability could be established if this section had been complied with."

The complaint alleges injury to the plaintiff through negligent operation of a rented automobile by the person renting it and failure to comply with the statute by the renter and demands damages against him. The defendant claims the complaint fails to state a cause of action because the statute is unconstitutional in that it violates the provision of the Fourteenth amendment to the constitution of the United States that—

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The statute was passed in the exercise of the police power. The object of it clearly falls within that power, and is a worthy one. The consummation of it would promote the public good and the statute should be upheld if it reasonably may be.

It is fundamental that such statutes are not unconstitutional merely because all persons are not subjected to the same obligations thereby. The legislature may provide that one class of persons be subjected to regulations to which persons outside the class are not subjected, if there is any reasonable basis for the classification. Such a classification is not discriminatory and does not deny to persons within the class subjected to the regulation the equal protection of the law or abridge their privileges as citizens. This rule is so well recognized as not to need citations to support it. Counsel for appellant concede it, but claim that the classification made by the instant statute has no reasonable basis. They claim the classification is unreasonable and discriminatory because persons renting automobiles who reside outside the corporate limits of cities are not required to furnish

any bond or insurance policy, while those residing within such limits are so required.

Giving full force to the rule above stated we cannot escape the conclusion that appellant's contention must be sustained. That a rent-a-car business may be conducted in Shorewood, which is a village of 13,000 inhabitants, or in the towns of Lake or Wauwatosa, with populations of 10,500 and 11,500 respectively, a large part of which are as densely populated as a city, in all which the conditions of traffic are practically the same as in the greater part of the city of Milwaukee and all which are adjacent to and the streets of which are continuous with those of the city of Milwaukee, without the filing of a bond, while such business conducted in the city of Milwaukee can only be conducted upon filing one; or that one may establish such a business just outside the corporate limits of any other city without a bond, while one conducting such business within the corporate limits must procure one; or that one conducting such a business within a small city of the fourth class must procure a bond, while one conducting such a business within a village of equal or larger population need not procure one,—clearly imposes burdens upon citizens residing in cities that citizens of like communities are not subjected to, and denies them equality of rights and privileges with citizens of like communities. The nearest approach to justification of the statute pointed out in the brief of respondent is the statement that the legislature considered that the evil sought to be remedied would be practically and sufficiently avoided if such businesses conducted in cities were covered. Considering that there are many villages in the state that are as large as or larger than many cities, we cannot accept this as justifying the statute. Examination of the 1930 census reports, of which we may take judicial notice, discloses that of the 118 cities in the state there are twelve with a population around 1,000

and sixty villages with substantially the same population, and about the same number of cities with a population about 1,500 and eleven villages with equal or greater populations, running as high as 4,000, 5,000, and 13,000. There are also four towns in Milwaukee county with large urban populations not at all distinguishable from city populations.

Many dealers throughout the state with repair shops in connection let out used cars they have taken in trade and are holding for sale to customers bringing in cars for repair while their cars are out of use and rent them to any others who may desire them. These cars are kept for rent as much as for sale so that the statute applies to them if limited to the business of renting cars kept for rent. In such cases no possible distinction can be made between garage keepers located in cities and those located in villages or elsewhere. We consider that these instances of discrimination between undistinguishable situations are so numerous that they cannot be disregarded or ignored and compel us to hold the statute unconstitutional. If the filing were with the county clerk or secretary of state or some other officer of a governmental unit within which the location of every business covered would necessarily fall, so that everybody renting cars or everybody in the business of renting cars, as the legislature might deem it proper to require, would be affected, there would be no constitutional objection.

A multitude of cases upholding regulatory statutes of various kinds might be cited and an equal number might be cited holding other such statutes invalid. No good purpose would be served by citing them here. Of such cases cited in the briefs only two seem to us nearly enough in point to require mention. The one which seems most nearly to rule this case is *State ex rel. Milwaukee S. & I. Co. v. Railroad Comm.* 174 Wis. 458, 183 N. W. 687, which de-

clared unconstitutional because not of state-wide application the rent law enacted during war time purporting to empower the railroad commission to regulate rents within cities of the first class. Although the statute here involved applies to all cities, it does not seem to us to be of state-wide application within the meaning of that case, because it does not apply to rent-a-car businesses not located in cities. The other is *Pinkerton v. Buech,* 173 Wis. 433, 181 N. W. 125, holding the law requiring detective agencies operating in cities to submit with their applications for license the approval of the fire and police commissioners, where any, or of the chief of police and five residents if none, while other operatives need not procure like recommendations. The granting of the license upon the making of the application with its indorsements is not mandatory, but depends on the determination of the secretary of state, who must be satisfied of the applicant's statutory qualifications and may make independent inquiry and investigation and require the furnishing of such information as to the fitness of the applicants as he may deem proper, and in case of persons not intending to locate in cities may require the full equivalent of the indorsements required of city applicants. This seems to us clearly to distinguish the case from the instant case.

*By the Court.*—The order of the court is reversed.

WICKHEM, J. (*dissenting*). It is the rule in this state that if a law is open to two constructions, one of which will render it void and the other valid, that construction which will save it from condemnation and accomplish the legislative purpose will be adopted in preference to one that will render it unconstitutional. *Peterson v. Widule,* 157 Wis. 641, 147 N. W. 966; *Palms v. Shawano County,* 61 Wis. 211, 21 N. W. 77; *State ex rel. Chandler v. Main,* 16 Wis. 398; *Atkins v. Fraker,* 32 Wis. 510; *Attorney General v.*

*Eau Claire,* 37 Wis. 400; *State v. Eau Claire,* 40 Wis. 533; *Bound v. Wis. Cent. R. Co.* 45 Wis. 543. This rule applies even though a different construction may be the more natural or obvious one. *Johnson v. Milwaukee,* 88 Wis. 383, 60 N. W. 270. It is of course true that where the meaning of the statute is plain, the court cannot usurp the function of the legislature and read into the law language which is not contained therein either expressly or by fair implication. *Mellen Lumber Co. v. Industrial Comm.* 154 Wis. 114, 142 N. W. 187; *Rogers-Ruger Co. v. Murray,* 115 Wis. 267, 91 N. W. 657.

The portion of the statute which is important here reads as follows:

"Sec. 85.215 (1) No person, firm or corporation shall for compensation rent any motor vehicle to be operated by or with the consent of the person renting the same, unless there shall be filed with the city clerk of the city where such motor vehicle is ordinarily kept for rent, a good and sufficient bond or policy of insurance. . . ."

It is to be noted that the express terms of the statute apply to all persons renting motor vehicles, and its application to persons generally, regardless of their residence, can only be restrained by the procedural requirement that the bond be filed with the city clerk of the city where the motor vehicle is ordinarily kept for rent. I think it is fairly arguable that the clause which purports to describe the persons affected by the law takes precedence over that setting forth its procedural aspects. The main purpose of the statute is to require the giving of the bond. Its filing with the city clerk, in my judgment, is a mere device to give notoriety to the undertaking and furnish notice to the public. Consequently, I think it may reasonably be contended that the legislative intent was to impose the obligation generally, and that while the filing officer was inadvertently described as the city clerk, the filing with a village or town clerk would be

equally effective. At any rate, I consider that this is a permissible construction, and if it is, then the cases above cited become applicable, in my judgment, and require that this construction be adopted and the law as so construed held valid.

I am authorized to say that Mr. Justice OWEN joins in this dissent.