BRENNAN and others, Appellants, vs. CITY OF MILWAUKEE and another, Respondents.

*September 8—November 3, 1953.*

For the appellants there were briefs by *Hammersley, Torke & Kelley,* attorneys, and *Robert F. Boden* of counsel, all of Milwaukee, and oral argument by *Charles E. Hammersley.*

For the respondents there was a brief by *Walter J. Mattison,* city attorney, and *George A. Bowman, Jr.,* assistant city attorney, and oral argument by *Mr. Bowman.*

FAIRCHILD, J. The general principles relating to legislative power to require existing buildings to meet certain minimum requirements in the interest of public health and safety are well set forth in *Adamec v. Post* (1937), 273 N. Y. 250, 255, 7 N. E. (2d) 120, 122:

"At the point where economic self-interest ceases to be a sufficiently potent force for the promotion of the general welfare, or, indeed, becomes a force which may actually injure the general welfare, the legislature may intervene and require that buildings intended for use as tenement houses or multiple dwellings shall conform to minimum standards which may reasonably be regarded as essential for safe, decent, and sanitary dwelling places.

". . . The power of the state to place reasonable restrictions upon the use of property for the promotion of the general welfare is no longer subject to challenge and regulations governing the erection or use of buildings as multiple dwellings which are reasonably calculated to safeguard the public health and safety constitute a proper exercise of that power."

The power which the legislature possesses to require, within reasonable limits, that buildings used for human habitation conform to certain minimum standards essential for safe, decent, and sanitary dwelling places, has been delegated to cities under the provisions of sec. 141.02 (2), Stats.

The appellant property owners attack the ordinance in question, sec. 75–4 of the Milwaukee Code, which requires the installation of a bathtub or shower in each of his nine six-room apartments, as being unconstitutional and void on the following two grounds:

(1) It is an unreasonable exercise of the police power because these apartments are already equipped with running water, and the tenants who occupy them have it within their power to keep themselves clean if they so desire; and

(2) The classification attempted is discriminatory and violates the equal-protection-of-the-laws clause of the Fourteenth amendment to the United States constitution.

We find it unnecessary to determine the first issue of whether it is such an unreasonable exercise of the police power for the city to require existing buildings leased for living quarters to be equipped with bathing facilities as to amount to the taking of appellants' property without due process of law, because of the conclusion we reach on the second issue.

While sec. 75–4 of the Milwaukee Code requires the owner of each occupied dwelling unit to provide the same with either a bathtub or shower "except as required in other sections of the Milwaukee Code pertaining to rooming houses and apartments," sec. 33–15 (b) of such code permits one bathtub or shower to be provided for each two apartments having no more than three rooms each. Sec. 75–18 of the code requires but one bathtub or shower for every sixteen roomers in a rooming house. Sec. 46–9 (9) of the code requires one bathtub or shower for each sex for each ten units in a trailer-house community.

The basis upon which a classification may validly rest must be reasonable and founded on material differences and substantial distinctions which bear a proper relation to the matters or persons dealt with by the legislation and to the purpose sought to be accomplished. A mere arbitrary distinction in nowise relevant to the subject of legislation will not justify a departure from that equal protection of the laws commanded by the Fourteenth amendment nor that equality before the law commanded by sec. 1, art. I of the Wisconsin constitution. In *State ex rel. Ford Hopkins Co. v. Mayor* (1937), 226 Wis. 215, 222, 276 N. W. 311, this court applied the following general rules upon which classifications are to be based in the exercise of police power:

"(1) All classification must be based upon substantial distinctions which make one class really different from another.

"(2) The classification adopted must be germane to the purpose of the law.

"(3) The classification must not be based upon existing circumstances only.

"(4) To whatever class a law may apply, it must apply equally to each member thereof.

"*Johnson v. Milwaukee*, 88 Wis. 383, 390, 60 N. W. 270.

"In *State ex rel. Risch v. Trustees*, 121 Wis. 44, 54, 98 N. W. 954, 957, the same general rules are held essential for a constitutional classification, with the following addition to No. (3):

" 'It must not be so constituted as to preclude addition to the numbers included within a class.'

"And by adding a fifth rule, as follows:

" '(5) That the characteristics of each class should be so far different from those of other classes as to reasonably suggest at least the propriety, having regard to the public good, of substantially different legislation.'

"To the same effect, see *Borgnis v. Falk Co.* 147 Wis. 327, 353, 133 N. W. 209; *State ex rel. Brown v. Haney,* 190 Wis. 285, 286, 209 N. W. 591; *Christoph v. Chilton,* 205 Wis. 418, 237 N. W. 134; *Union F. H. S. Dist. v. Union F. H. S. Dist.* 216 Wis. 102, 107, 256 N. W. 788; *Whipple v. South Milwaukee,* 218 Wis. 395, 261 N. W. 235; *Edgerton v. Slatter,* 219 Wis. 381, 263 N. W. 83."

Considering that the protection of public health through promoting personal cleanliness is the object to be accomplished, does the differentiation between a three-room apartment and a four or five or six-room apartment on the basis of number of rooms have a reasonable bearing upon that object? Number as a factual basis is properly used for the purpose of classification when it bears a real relation to the object to be accomplished. An analysis of the two ordinances requiring, in the case of a three-room apartment, only one bath to two apartments, and, in the case of any apartment over three rooms, a private bath, reveals that what the ordi-

nance is actually concerned with is the number of persons using a bath. In the case of rooming houses, the differentiation between a rooming house having fifteen roomers or under and a rooming house having over fifteen roomers is a logical classification as between rooming houses. It limits the number of persons who may use one bath and thus affects the opportunity for cleanliness of each roomer, because the facilities are measured in terms of the number of persons using them. This is not the case with the ordinances classifying apartment houses. These ordinances assume or imply that there are fewer occupants in a three-room apartment than in a four or five or six-room apartment. Yet it is admitted that there may be as many occupants in a three-room apartment as in a six-room apartment. If personal cleanliness is the purpose to be attained and the number of rooms is not a rational index to the number of people who occupy them, then the differentiation cannot be reasonably based on the number of rooms. If a three-room apartment contributes to an alleged danger or evil in the same way and to the same extent as an apartment consisting of a greater number of rooms, there is no reasonable classification on the basis of rooms.

The limitation of legislative power to classify is that the classification shall be based upon some natural reason, "some reason suggested by necessity, by such a difference in the situation and circumstances of the subjects placed in different classes as suggests the necessity or propriety of different legislation with respect to them." *State ex rel. Risch v. Trustees* (1904), 121 Wis. 44, 54, 98 N. W. 954. The classification by number of rooms is not a natural classification for the purpose to be accomplished, *i.e.,* personal cleanliness, affecting public health, where the number of occupants cannot be determined, for it is the occupants who are to be affected by the health regulation. Therefore the classification of sec. 75–4 of the Milwaukee Code is not based upon a sub-

stantial distinction which makes one class really different from another or which bears reasonably upon the object to be sought.

It is, therefore, our considered conclusion that the ordinance offends the equal-protection-of-the-laws clause of the Fourteenth amendment to the United States constitution, and is void for that reason. Therefore, plaintiffs are entitled to the injunction prayed for in their complaint restraining the defendant city and its commissioner of health from enforcing the ordinance against plaintiffs and their property.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with this opinion.

BROADFOOT and CURRIE, JJ., dissent.