91  517
93  560

SWING, Trustee, Respondent, vs. WHITE RIVER LUMBER COM-
PANY, Appellant.

*November 12 — November 26, 1895.*

(1) *Judicial notice: Foreign statutes, etc.   (2, 3) Trustee of foreign cor-
poration: Capacity to sue in this state: Comity: Pleading.*

1. Judicial notice cannot be taken of the statutes of another state or
   of the proceedings in its courts.

2. In an action to recover an assessment upon a premium note given
   to a foreign insurance company, the complaint, alleging that
   plaintiff was trustee of the creditors of such company, duly ap-
   pointed by a court of the state of its domicile, and that by order of
   said court he had levied the assessment upon all the premium
   notes, including defendant's, held by him as such trustee, but not
   alleging that by the laws of said state or by the order or judg-
   ment of said court the plaintiff, as trustee, had any right to sue
   for and recover the assets of the insurance company, or that any
   assignment of such assets had been made to him, is *held*, on de-
   murrer, not to state facts sufficient to entitle the plaintiff to sue
   for and recover the assessment in a court of this state.  *Parker v.
   Stoughton Mill Co., ante*, p. 174, distinguished.

3. Plaintiff's want of legal capacity to sue appearing on the face of
   the complaint, it was not necessary to plead it in abatement, but
   the objection was properly taken by demurrer.

APPEAL from an order of the circuit court for Bayfield
county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This action was brought to recover an assessment on a
premium note given by the defendant to the Union Mutual
Fire Insurance Company, a corporation created under the
laws of the state of Ohio, and authorized to transact a fire
insurance business on the plan of mutual insurance, and to
accept premium notes from the insured, to be paid at such
times and in such sums as the directors might require for
the payment of losses and expenses happening during the
term of insurance, and whereby each person insured became
a member of the company during that period, and bound to

pay for losses and expenses in proportion to the original amount of his premium note.

It is alleged in the complaint that the company complied with the laws of Wisconsin and became authorized to transact the business of a mutual fire insurance company from January 1, 1889, until December 18, 1890, and in the meantime, October 1, 1889, issued a policy to the defendant on certain property in Wisconsin for $5,000, taking therefor its premium note for $500, the terms of which were set out; that during the life of the policy an assessment of $200 was made on the note, which was paid; that on the 18th day of December, 1890, the supreme court of the state of Ohio, in an action against the said insurance company on the relation of the attorney general, rendered a judgment ousting and excluding it from being a corporation and from further exercising or using the franchises, privileges, or powers thereof, and "by its said judgment duly appointed the plaintiff herein trustee of the creditors of said Union Mutual Fire Insurance Company so dissolved as aforesaid;" that thereafter the plaintiff "duly qualified as such trustee in accordance with the requirements of the said judgment, and entered upon the discharge of his duties as such," and had been ever since December 18, 1890, and still was, such trustee as aforesaid; that the defendant's policy was canceled by the plaintiff, and on the 16th of June, 1891, he filed in said supreme court a report of the assets and liabilities of the company, and showing the necessity of assessing its premium notes up to the full amount unpaid thereon, whereupon the court, by its order duly made and entered of record, ordered and required the plaintiff to make an assessment upon its deposit notes and contingent liabilities due said company sufficient to meet its actual liabilities and reasonable expenses of winding up its affairs. It is alleged that plaintiff then held, and still holds, as a part of the assets of said company, the note against the defendant, upon which there remained

$300 of its face amount unpaid, and that on the 24th of June, 1891, the plaintiff duly levied an assessment upon all the premium notes held by him as trustee equal to the amount of the same not previously assessed, up to their face value, being $300 on the defendant's note; and that he duly notified the defendant of such assessment; and that said sum, with interest from the date of the assessment, was due and had not been paid.

The defendant demurred to the complaint on the grounds (1) that the plaintiff had not legal capacity to sue; (2) that the complaint did not state facts sufficient to constitute a cause of action. Upon notice and motion the circuit court made an order striking out the demurrer as frivolous, with leave to the defendant to answer within twenty days upon payment of $10 costs of motion, from which the defendant appealed.

The cause was submitted for the appellant on the brief of *Lamoreux, Gleason, Shea & Wright,* and for the respondent on that of *E. C. Alvord.*

Counsel for the appellant argued, among other things, that this action cannot be maintained. The plaintiff derived no authority or power over the property of the insurance company, except such as the court gave him. The order appointing him can reach no farther than the jurisdiction of the court; it has no extra-territorial effect inherent in it, and has none by any rule of comity. *Filkins v. Nunnemacher,* 81 Wis. 91; Beach, Receivers, §§ 680, 681; High, Receivers (3d ed.), § 239; *Wells, F. & Co. v. Walsh,* 87 Wis. 67; *Booth v. Clark,* 17 How. 321; *Farmers' & M. Ins. Co. v. Needles,* 52 Mo. 17. The authority of a receiver to sue must be alleged. Beach, Receivers, § 693; *Coope v. Bowles,* 42 Barb. 87; *S. C.* 18 Abb. Pr. 442; *Bangs v. McIntosh,* 23 Barb. 591.

For the respondent it was contended, *inter alia,* that a re-

ceiver or other trustee, appointed in another state, will be permitted, on the principle of inter-state comity, to bring an action in the domestic forum for the purpose of collecting the assets of his insolvent for distribution in accordance with the laws of the jurisdiction within which such trustee has received his appointment, when to do so will not interfere with the rights of citizens of the state in which the action is brought. *Gilman v. Ketcham*, 84 Wis. 60; *Metzner v. Bauer*, 98 Ind. 425; *Runk v. St. John*, 29 Barb. 585; *Hoyt v. Thompson*, 5 N. Y. 320; *Bagby v. A., M. & O. R. Co.* 86 Pa. St. 291; *Hurd v. Elizabeth*, 41 N. J. Law, 1; *Bidlack v. Mason*, 26 N. J. Eq. 230; *Toronto G. T. Co. v. C., B. & Q. R. Co.* 123 N. Y. 37; *In re Waite*, 99 id. 433; *Cagill v. Wooldridge*, 35 Am. Rep. 716; *Lycoming F. Ins. Co. v. Langley*, 62 Md. 196; *Lycoming F. Ins. Co. v. Wright*, 55 Vt. 526. Upon a demurrer for want of capacity to sue it must appear affirmatively from the facts stated in the complaint that the plaintiff has not such capacity. When demurring for this cause, the demurrant must specifically point out the allegations of the complaint which tend to show the want of capacity to sue, and if he neglects to do so it will be the duty of the court to disregard the demurrer. *Dale v. Thomas*, 67 Ind. 570; *Dewey v. State ex rel. McCollum*, 91 id. 173; *Traylor v. Dykins*, id. 229; *Pence v. Aughe*, 101 id. 317; Bliss, Code Pl. §§ 407–409; *Haskins v. Alcott*, 13 Ohio St. 210; *Minneapolis H. Works v. Libby*, 24 Minn. 327; Fitnam, Trial Proc. § 466. It not appearing affirmatively on the face of the complaint that the proper leave was not asked for and obtained by the plaintiff before this action was commenced, the objection can only be taken by plea in abatement and not by demurrer. *Milwaukee Co. v. Hackett*, 21 Wis. 613; *Johnson v. Wilson*, 1 Pin. 65; *Smith v. Peckham*, 39 Wis. 414; *Vincent v. Starks*, 45 id. 458; *Plath v. Braunsdorff*, 40 id. 107.

PINNEY, J. In *Gilman v. Ketcham*, 84 Wis. 60, it was held that a foreign receiver will be heard to assert in the courts of this state a title to a chose in action which he claims by an assignment valid and binding against all parties to the litigation. This ruling was applied in *Parker v. Stoughton Mill Co., ante*, p. 174, where a foreign receiver had been invested by a court of competent jurisdiction of the state of Illinois with the practical ownership of choses in action belonging to an insurance company of that state, the affairs of which were being wound up and its property applied to the payment of its losses, etc.; and an action in the name of such receiver, upon an assessment of a premium note, was sustained upon the principles of judicial comity laid down in *Gilman v. Ketcham, supra*. But in *Parker v. Stoughton Mill Co.* it was alleged in the complaint, in addition to the appointment of the receiver, that by ch. 73 of the General Statutes of Illinois, by virtue of his appointment, he had power to prosecute and defend suits in the name of the corporation or in his own name, and by reason thereof was vested with authority to bring and maintain the action. The proceeding in the supreme court of Ohio, to which reference is made in the complaint, was doubtless regulated by statutory authority, and the powers and duties of the trustee in such cases are probably prescribed by the statute of that state, or the order or judgment appointing him, but this court cannot take judicial notice of the statutes of another state, or of the proceedings in its courts. They must be pleaded and proved as facts whenever any right is claimed under them. Presumably, at least, the powers and duties of such trustee are similar to those of a receiver in equitable actions or proceedings, in respect to which it is, in general, considered necessary that he should set out in his pleading, when he sues, the authority under which he assumes to act,— as his appointment by a court of competent jurisdiction in a case within its jurisdiction, and that he has authority to

prosecute the action. The rule is quite general that he may not sue without having first obtained, in some form, leave of the court, unless authorized by statute to bring actions. Beach, Receivers, §§ 650, 693, and cases cited; 20 Am. & Eng. Ency. of Law, 229. Where the rights of such an officer do not rest merely upon his appointment by the court of another state, but there has been an assignment to him in his official capacity of the property in question, or by virtue of the statute of such state the title to the property is vested in him, he may, it seems, sue and recover the same, not strictly by virtue of his appointment, but by reason of his title, he being considered for that purpose substantially an assignee. High, Receivers, § 244; *Gilman v. Ketcham*, 84 Wis. 60. The complaint does not allege that by the laws of the state of Ohio, or by the judgment or order of the supreme court of that state, the plaintiff, as trustee, has any title, right, or authority whatever to sue for and recover the assets of the Union Mutual Fire Insurance Company, or that any assignment of such assets had been made to him, and it therefore fails to show facts sufficient to entitle plaintiff to sue for and recover the assessment in question. The defendant was not bound to plead the objection in abatement. It appeared on the face of the complaint that the plaintiff had no legal capacity to sue, as such trustee, in the courts of this state, in respect to the demand in question, and had no title, as such, to recover the same. The demurrer should have been sustained.

*By the Court.*— The order of the circuit court is reversed, and the case is remanded with directions to sustain the defendant's demurrer, with leave to the plaintiff to amend on terms.