10] JANUARY TERM, 1926. 285

State ex rel. Brown v. Haney, 190 Wis. 285.

STATE EX REL. BROWN and others, Respondents, vs. HANEY, Superintendent of Schools, Appellant.

*May 15—June 10, 1926.*

*Schools: Detachment of districts: Basis of classification: District containing one or more centers of urban population: Validity.*

1. Sec. 40.85, Stats., which provides that whenever a common school district maintaining a high school consists of territory both within and without a city or village having a population of 500 or more, the territory outside of the corporate limits and which is devoted to agriculture may be detached, but excluding from the application of the statute districts which include more than one city or village, or which maintain a graded school outside the corporate limits of the city or village, is unconstitutional, without considering whether the presence or absence of agricultural lands in the district constitutes a valid basis of classification of school districts, as the second essential fact necessary to permit detachment under the statute, *i. e.* that a district does not contain more than one city or village, cannot be the basis of a classification germane to the purpose of the law. pp. 287, 288.

2. The provision limiting the application to districts with only one city or village cannot be disregarded and the statute otherwise sustained, because the provision is expressly made one of the essential bases of the classification, and to disregard it would allow the law to apply to school districts which the legislature clearly intended to exempt. p. 288.

APPEAL from a judgment of the circuit court for Monroe county: R. S. COWIE, Circuit Judge. *Affirmed.*

*Certiorari* to review the order of the superintendent of schools for Monroe county made pursuant to the provisions of sec. 40.85 of the Statutes detaching certain agricultural lands from a common school district which maintained a high school. The district consisted of the village of Cashton and of agricultural lands in two adjoining townships. Judgment was entered by the circuit court setting aside this order on the ground that sec. 40.85 of the Statutes was invalid because in conflict with sec. 3, art. X, of the

constitution of Wisconsin, which requires that the legislature in establishing district schools shall make them as nearly uniform as possible.

For the appellant there was a brief by *Geo. H. Gordon, Law & Gordon* of La Crosse, and oral argument by *D. S. Law.*

For the respondents there was a brief by *Higbee & Higbee* of La Crosse, and oral argument by *E. C. Higbee.*

The following opinion was filed June 21, 1926:

STEVENS, J.    The legislature of 1925 passed ch. 431 creating sec. 40.85 of the Statutes, which provides among other things:

"Whenever a common school district maintaining a high school consists of territory both within and without the corporate limits of any city or village having a population of five hundred or more, the territory lying outside such limits which is used for agricultural purposes may be detached as hereinafter provided; but this section shall not apply to any district which includes within its limits more than one city or village, or a city and a village, or which maintains common or graded schools outside of the city or village limits."

Sec. 3, art. X, of the constitution of Wisconsin provides:

"The legislature shall provide by law for the establishment of district schools, which shall be as nearly uniform as practicable."

Sec. 40.85 clearly discloses the legislative intent to classify common school districts maintaining high schools on the basis of the presence or absence of agricultural land within such school districts.   The validity of the act here in question must be tested by the well established rules which determine when such a classification may be made.

Among the essentials of a constitutional classification are that—

"(1) All classification must be based upon substantial distinctions which make one class really different from an-

other.   (2) The classification adopted must be germane
to the purpose of the law. . . . (5) The characteristics
of each class should be so far different from those of other
classes as to reasonably suggest at least the propriety, hav-
ing regard to the public good, of substantially different
legislation. . . . 'The true practical limitation of the legis-
lative power to classify is that the classification shall be
based upon some apparent natural reason,—some reason
suggested by necessity, by such a difference in the situation
and circumstances of the subjects placed in different classes
as suggest the necessity or propriety of different legisla-
tion with respect to them.' "  *State ex rel. Risch v. Trustees,*
121 Wis. 44, 54, 98 N. W. 954.

It is not necessary to determine whether the presence or
absence of agricultural lands within the limits of a common
school district maintaining a high school constitutes a valid
basis for a classification of school districts.   The classifica-
tion made by this act has a much narrower basis.   In order
to come within the classification established by this act two
facts must appear: *first,* that such district contains lands
used for agricultural purposes, and *second,* that it does not
contain more than one city or village.

Keeping in mind the legislative purpose to classify school
districts on the basis of the presence or absence of agri-
cultural lands in such district, the fact that a district con-
tains one or more centers of urban population cannot be
the basis of a classification which is germane to the pur-
pose of the law.   Such a classification cannot be said to be
based on a substantial distinction which makes the class
with two centers of urban population really different from
the class which has only one city or village.   Clearly the
characteristics of a class of school districts having two or
more centers of urban population is not so far different
from the class having only one city or village as to reason-
ably suggest the propriety, having regard to the public
good, of substantially different legislation applicable to each
class.   The classification made by this act is purely arbi-

trary,—not one based on some apparent natural reason suggested by such a difference in the situation and circumstances of the districts placed in different classes as to suggest the necessity or propriety of different legislation with respect to them.

The act is therefore invalid as being in conflict with the provisions of the constitution requiring the legislature in the creation of school districts to make them as uniform as practicable. In reaching this conclusion the court has "kept in mind that the necessity and propriety for classification are primarily legislative questions, the judgment of the legislature not to be disturbed unless it shall clearly appear that the limits of its constitutional authority have been overstepped." *State ex rel. Risch v. Trustees,* 121 Wis. 44, 54, 98 N. W. 954.

This court always approaches the consideration of the constitutionality of a statute with deference for the act of a co-ordinate branch of the state government and always seeks to find a construction of the statute which will bring it into harmony with the mandate of the people of the state as expressed in the fundamental law of Wisconsin, which limits alike the power of the legislature and of the the courts. But the terms of the act·here in question are so plain and unambiguous as to leave no room for any construction that will bring the act into harmony with the constitutional mandate.

The provision of the act that it "shall not apply to any district which includes within its limits more than one city or village, or a city and a village," cannot be disregarded and the rest of the act held valid, because this provision is expressly made one of the essential bases of the classification and is so intimately associated with the rest of the act that it cannot be separated from it without violating the

clear legislative intent. To disregard this provision of the
act would result in making the law apply to school districts
which the legislature clearly intended should be exempt
from the provisions of the statute.

*By the Court.*—Judgment affirmed.