UNION FREE HIGH SCHOOL DISTRICT OF VILLAGE OF MONTFORT, Respondent, vs. UNION FREE HIGH SCHOOL DISTRICT OF VILLAGE OF COBB, Appellant.

*September 11—October 9, 1934.*

For the appellant there was a brief by *Fiedler, Jackson & Boardman* of Mineral Point, and oral argument by *N. S. Boardman*.

For the respondent there was a brief by *Kopp & Brunckhorst* of Platteville, and oral argument by *Arthur W. Kopp*.

NELSON, J. It is alleged among other things in the complaint that during the school year of 1929–1930 Wilma James, a child of the age of sixteen years, residing in the town of Eden, Iowa county, Wisconsin, and within the territorial limits of the defendant's school district and more than four miles from the school district of said defendant district and closer to the school of the plaintiff, attended the school of the plaintiff for one hundred and eighty days, and that the defendant thereupon and thereby became indebted to the plaintiff in the sum of $72, the tuition due and payable to the plaintiff for such attendance. The complaint contains other

similar paragraphs relating to eight other children who also attended the school of the plaintiff district, for which schooling tuition is also claimed. The defendant demurred to the complaint on the ground that it appears upon the face thereof that the same does not state facts sufficient to constitute a cause of action.

The defendant first contends that its demurrer should have been sustained, (a) because the complaint fails to allege that the bringing of this action was authorized by the electors of the plaintiff district, and (b) because the complaint further fails to allege that the defendant district failed to furnish transportation to the children mentioned in the complaint. The defendant next contends that if failure of the defendant district to furnish transportation to a child of school age residing more than four miles from the school of his district be not a condition precedent to his right to attend the school of another district and have his tuition paid by the home district, the law, sec. 40.34, 1931 Stats., is unconstitutional.

Sec. 263.06, so far as it is here material, provides that "the defendant may demur to the complaint when it shall appear upon the face thereof: . . . (2) That the plaintiff has not legal capacity to sue; . . . (6) That the complaint does not state facts sufficient to constitute a cause of action."

The defendant's contention that the complaint is demurrable because it contains no allegation to the effect that the bringing of the action was authorized by the electors of the plaintiff district is, in our opinion, without merit. The asserted objection to the complaint is that the plaintiff has not legal capacity to sue. Assuming for the purposes of argument only that the bringing of the action was not authorized by the electors, this obviously does not appear upon the face of the complaint. For ought that appears upon the face of the complaint the bringing of the action may have been authorized by the electors. The complaint does not present a situation such as existed in *Swing v. White River Lumber*

*Co.* 91 Wis. 517, 65 N. W. 174, where a foreign receiver, who brought an action in this state, failed to allege in his complaint that as such foreign receiver he had any right, title, or authority to sue for and recover the assets of the company over which he was appointed receiver. If the bringing of an action by one school district against another to recover tuition is one which legally could not be brought unless authorized by the electors, which question we do not deem it necessary to decide, and if the present action was in fact unauthorized, then such lack of authority, incapacity to sue (which does not appear upon the face of the complaint), should have been taken advantage of by a plea in abatement. Such is the law of this state and apparently the general rule. *Central Bank of Wisconsin v. Knowlton,* 12 Wis. *624; *Lombard v. McMillan,* 95 Wis. 627, 70 N. W. 673; *Schaut v. Joint School District,* 191 Wis. 104, 210 N. W. 270; 21 R. C. L. p. 526. The trial court was correct in holding that lack of authority to sue did not appear upon the face of the complaint and that such objection should have been raised by answer; i. e., plea in abatement, rather than by demurrer.

The legislature of 1929 enacted ch. 517, amending sec. 40.34, incorporating therein the following proviso:

"Provided further, that any child residing more than four miles from the school of his district may attend the school of another district, in which case the home district shall pay the tuition of such child."

The defendant contends that looking to the several provisions embodied in sec. 40.34, as amended, the legislature did not intend that a child residing more than four miles from the school of his district should have the right to attend the school of another district unless his home district failed to furnish him transportation to its school, and that since the complaint herein did not allege failure of the defendant to furnish transportation to the children mentioned therein, it is demurrable because no cause of action was stated. Sec. 40.34

is clear and explicit and does not permit of a construction otherwise than "according to the common and approved usage of the language," since we cannot say that such construction is inconsistent with the manifest intent of the legislature. Sec. 370.01 (1), Stats.

The purpose of the proviso is no doubt to foster and promote the education of the children of this state, especially those who reside at considerable distances from the schools of their respective districts; to make educational facilities as conveniently available to all children as is reasonably possible; to equalize educational opportunities and to obviate difficulties which would otherwise confront children on account of geographic locations of their homes or the lack of good roads leading from their respective homes to the schools. We think the legislature clearly intended to bestow upon children of school age residing more than four miles from a school the right to exercise the option to attend another school which would more suitably serve their convenience, at the expense of the home district.

In construing this proviso it is significant, though not of course controlling, that the attorney general of this state has repeatedly construed this law to mean that any child of school age residing more than four miles from the school of his district may attend the school of another district notwithstanding his home district affords him transportation; that the law applies to consolidated, common, and union free high school districts, and that the home district must pay his tuition. 19 Atty. Gen. pp. 30 and 120; vol. 20, p. 294; vol. 21, pp. 588, 840, and 965. Sec. 40.34, as amended, was first so construed in an opinion rendered January 20, 1930. Since that time two legislatures have come and gone without amending the law; this they would in all probability have done if they had deemed the opinion of the attorney general unsound, and if it had been the legislative intention to make the failure of the home district to furnish transportation a

condition precedent to the right of a child residing more than four miles from the school of the home district to attend another school. We conclude that the complaint was not demurrable because it failed to allege failure of the defendant district to furnish transportation to the children mentioned.

The defendant finally contends that if sec. 40.34 is construed to mean that a child residing more than four miles from the school of his home district can attend the school of another district at the expense of the home district, regardless of whether the home district furnishes transportation, it is unconstitutional because the classification adopted by the legislature is arbitrary and offends against sec. 3, art. X, of the constitution of this state and the Fourteenth amendment of the constitution of the United States.

It is generally held that the legislature, in enacting laws, may resort to classification without violating constitutional provisions when a classification is based upon substantial differences or distinctions between classes, is germane to the purposes of the law, is not based upon existing circumstances only, applies equally to members of a class, and the character of one class is so different from another class as reasonably to suggest the necessity or propriety, having regard for the public good, of substantially different legislative treatment. *Bloomer v. Bloomer,* 128 Wis. 297, 107 N. W. 974; *Borgnis v. Falk Co.* 147 Wis. 327, 133 N. W. 209; *State ex rel. Brown v. Haney,* 190 Wis. 285, 209 N. W. 591; *Christoph v. Chilton,* 205 Wis. 418, 237 N. W. 134; *State ex rel. Risch v. Trustees,* 121 Wis. 44, 98 N. W. 954. The attack made upon the classification embodied in the proviso hereinbefore recited centers about the four-mile distance which divides the children of school age into classes, those who must attend the school of their own district, and those who may attend another school. While plausible arguments may be made in regard to border line cases; *i. e.,* children residing just within the four-mile limit and chil-

dren residing just without it, such arguments do not militate against holding the classification reasonable. In every classification there are always cases just within or just without the border lines.

The legislature, composed of members from all parts of this state, having knowledge of climatic and road conditions which exist throughout the state, and having a fair idea as to the distance a child properly may be transported morning and evening while attending school, enacted this law for the purpose hereinbefore stated. It is our conclusion that this law does not embody an arbitrary or unreasonable classification, that it does not offend against any constitutional provision, and that the order of the trial court should be affirmed.

*By the Court.*—Order affirmed.

FOWLER, J. (*dissenting*). I cannot agree to the interpretation of sec. 40.34 (1), Stats., declared by the opinion of the court. The opinion does not present the whole statutory picture. The subject of the statute as declared in the statutes and in all session laws in any way affecting it is "School Transportation." The title of none of the several acts resulting in the present statute purports to give to parents the right to send their children to school outside their home district at the expense of the home district, or to give to children the right to attend school outside the home district at the home district's expense. The subject of all these acts is transportation of children to school.

Only the third and fourth sentences of the section affect the instant case. These sentences read:

"The board shall provide transportation to and from school for all school children residing in the district and over two and one-half miles from the schoolhouse, in case of a common school and four miles in case of a union high school.

"And if it fails to provide such transportation the parents may provide suitable transportation for their children, and shall be paid therefor by the district, at the rate of twenty

cents per day for the first child and ten cents per day for each additional child transported; provided, the child shall have attended not less than one hundred and twenty days during the school year unless prevented by absence from the district; provided further, that any child residing more than four miles from the school of his district may attend the school of another district, in which case the home district shall pay the tuition of such child."

The first two clauses of the sentence last quoted plainly provide that if a high school board has failed to furnish transportation of children in the district residing more than four miles from the schoolhouse, the parent of children so residing may transport them and recover pay therefor from the district if they have attended one hundred and twenty days during the school year. That is, these clauses give to a parent the privilege of transporting his children himself and recovering pay therefor from the district if the district has failed to do its duty and the children have attended school one hundred and twenty days during the school year. The effect of the last clause of the sentence merely is to give the parent in the latter case the alternative privilege of sending his children to school outside the district and having the district pay their tuition. That is, in my opinion, the intent of the statute is to give the parent of children residing over four miles from the schoolhouse, in case the district fails to provide transportation, the right either to transport them himself and collect pay therefor from the district, or send them outside the district and have their tuition paid by the district in case they attend school one hundred and twenty days during the year. The statute merely imposes on the district, in case it fails to perform its duty to transport children to school, liability to pay the parent for his children's transportation if he transports them himself, or to pay their tuition if he sends them to school outside the district. It seems to me unreasonable to say that the legislature intended that where the school district furnishes transportation of pupils

living over four miles from the schoolhouse, the parent of children so living can send his children to school outside the district and compel the district to pay their tuition. This would throw upon the district, where it is furnishing transportation, both the expense of transportation of children to the schoolhouse and the payment of their tuition in another district. One "cannot have his cake and eat it too." The parent cannot have the privilege of transportation for his children to the home schoolhouse by the home district and also have the privilege of sending them to another district and have their tuition paid by the home district. The legislature did not intend to mulct a school district that is performing its duty as to transportation by compelling it to pay twice for the schooling of children within the district.

The argument, in the opinion of the court, that because the attorney general has given an opinion in accord with the opinion of the majority of the court and two legislatures have not amended the statute, the legislature has thereby acknowledged that the attorney general has expressed the intent of the legislature in enacting the statute, is not convincing to my mind. We cannot impute to the legislature knowledge of the multitude of opinions ground out by the attorney general's office. If the construction of the statute by the attorney general rests upon sound reason, it should be approved. If it does not so rest it should be rejected.

The complaint alleges that the children whose tuition is involved attended school in the plaintiff district for more than one hundred and twenty days during the school year. This is an acknowledgment that such allegation is essential to statement of a cause of action. With equal reason, and for the same reason, is an allegation essential that the plaintiff district failed to transport children living over four miles from the schoolhouse. Both are conditions precedent to a cause of action. If the children whose tuition is sued for have attended school in the plaintiff district one hundred and

twenty days during the school year, and if the defendant district has failed to furnish means of transportation to pupils in the district residing over four miles from the schoolhouse, the plaintiff is entitled to recover. On omission to state either of these facts, the complaint fails to state a cause of action. It fails to state one of them. The demurrer to the complaint should have been sustained and the order overruling it should be reversed.