VOELZ and others, Appellants, v. BECK and others (Joint Waukesha-Washington County School Committee), Respondents.

*November 25—December 10, 1963.*

For the appellants there were briefs by *Walter R. Menzies* and *William H. Bowman,* both of Milwaukee, and oral argument by *Mr. Bowman.*

For the respondents there was a brief and oral argument by *Harold J. Wollenzien,* corporation counsel of Waukesha county.

HALLOWS, J.    The first question is whether the reorganization order is invalid because the new joint common school district was composed of some noncontiguous territory.

Prior to 1949 a common school district could be created, altered, consolidated, or dissolved under sec. 40.30 (1), Stats., but the section provided that "such districts must be of contiguous territory." A county school committee acting

under sec. 40.303 (4), Stats. 1947, was granted the power by order to create, alter, dissolve, or attach school districts under a proposed reorganization plan but its power was subject to the conditions set forth in sec. 40.30 (1), Stats. 1947. The requirement that such districts must be composed of contiguous territory was deleted from sec. 40.30 (1) by ch. 501, sec. 1, Laws of 1949, and unless there are other prohibitions or limitations in the statute a common school district need not be composed of contiguous territory.

The present reorganization order is made pursuant to the current authority found in sec. 40.025, Stats., the general provisions relating to the jurisdiction to reorganize school districts, and sec. 40.03, relating to the procedure of school-district reorganizations. In neither of these sections is there any requirement that a new common school district must be composed of contiguous territory. It is urged by the plaintiffs that sec. 40.025 (1) (e) invalidates the present order because that section provides in part, "No territory shall be detached from a union high school district so as to make parts of the district noncontiguous."

Plaintiffs argue an alteration connotes detachment and attachment, relying on sec. 40.01 (10), Stats., and *Joint School Dist. v. Sosalla* (1958), 3 Wis. (2d) 410, 88 N. W. (2d) 357; *Zawerschnik v. Joint County School Comm.* (1955), 271 Wis. 416, 73 N. W. (2d) 566, and the reorganization order, in effect, involved an alteration and an attachment of the Butler area and, therefore, is embraced within the meaning of "detachment" in sec. 40.025 (1) (e). We think not. The order did not detach the Butler territory but dissolved the Hamilton District as well as the Butler District. The order did not attach the territory of the dissolved districts to an existing school district but created a new school district from the territory and other territory. The prohibition in sec. 40.025 (1) (e) refers to detaching

territory from a union high-school district which leaves the remaining territory in that district noncontiguous. Even on the plaintiffs' theory, it is still the fact that the Butler territory is no more noncontiguous to the balance of the territory of the new school district than it was in the case of the old Hamilton District.

The predecessor of this prohibition first appeared in ch. 425, Laws of 1927, which revised sec. 40.66 (4), Stats., and provided the area of a high-school district could not be "rendered noncontiguous by detaching territory therefrom." Prior to 1953 a union high-school district was required to be composed of contiguous compact territory. Sec. 40.64 (1), Stats. 1951. But that requirement was eliminated by the amendment of ch. 507, Laws of 1953. In the light of the legislative history of sec. 40.12 (1), and of other sections relating to union high-school districts and of sec. 40.03 (1), applying to common school districts, we cannot read the portion of the language of sec. 40.025 (1) (e), relied upon by the plaintiffs as referring to the new common school district created by the reorganization order before us. Such a reorganization does not fall within the meaning of the prohibitory language of the section when the order detaching territory from a union high-school district leaves the remaining territory in the high-school district contiguous. The reorganization order left no noncontiguous territory in a union high-school district—Hamilton District was dissolved and no noncontiguous territory exists in the Arrowhead District.

The second question is, what effect does ch. 76, Laws of 1963, have upon the effective date of the reorganization order, which was to be July 1, 1963? The plaintiffs argue the order is void because it could not take effect on July 1, 1963. We do not agree. The amendment to sec. 40.025 (4), Stats., does not make a school-reorganization order void but pro-

vides when it shall go into effect in the event of an appeal to the circuit court and to this court. The order expressed an effective date which met the requirements of the section. The amendment provided that unless a later date is specified the effective date of the order which is stayed by an appeal to the circuit court shall be sixty days after the date of service of the notice of the entry of the order of the circuit court affirming the reorganization order unless there has been an appeal to the supreme court within such sixty days. In the event of an appeal to this court the effective date of the reorganization order is the date on which the supreme court's mandate holding the reorganization order valid is filed with the clerk of the circuit court. Sec. 40.025 (4), Stats. 1963.

Being procedural in nature, the amendment applies to the present order. We hold that the reorganization order of the defendant creating Joint Common School District No. 16 of the towns of Lisbon and Pewaukee, villages of Lannon, Sussex, Menomonee Falls, and Butler, in Waukesha county is valid and its effective date is the date on which our mandate is filed with the clerk of the circuit court.

*By the Court.*—The final order of the circuit court, herein designated "judgment," is affirmed.