ED JACKAMONIS, Speaker Wisconsin State Assembly
As chairman of the Assembly Committee on Organization you have asked whether sec. 120.50, Stats., violates the one person, one vote principle because it weights the votes of a school district fiscal board on the basis of the equalized valuation of property.
In my opinion there is no constitutional violation by the weighted voting.
The board exercises fiscal control over a school district whose jurisdiction includes component municipal units of government. Sec. 120.50(1), Stats. The fiscal board exercises responsibilities in respect to joint city school districts. See
secs. 120.41(1) and 120.50(1)(intro.), Stats. A joint city school district comprises component municipalities. See sec. 120.41, Stats. At its embryonic stage, the board determines whether to abolish the city school district in *Page 15 
favor of a common or unified school district or whether to continue as a city school district under the control of a fiscal board. Sec. 120.50(1), Stats. Once the decision is made to continue as a joint city school district, the board has the power to approve the school budget, to levy the property tax for school purposes, and to exercise all other fiscal controls over the district. Sec. 120.50(3), Stats.
The members of the board are not elected by the voters to serve on the board. Rather, they are ex officio members by reason of their popular election to offices in the component municipalities, or they are designees of such elected officers. Sec. 120.50(2), Stats. The weighting of the voting rights on the board is based on the equalized valuation of property within the respective component municipalities and is set forth in sec. 120.50(2), Stats., as follows:
 (am) Each town chairman or designee of the chairman and village president shall have one vote for each full $200,000 of equalized valuation and remaining major fraction thereof of the school district within his or her town or village, but in no case may a town chairman or village president have less than one vote.
 (b) Each mayor of a city having territory which lies within a city school district operated by another city shall have one vote for each full $200,000 of equalized valuation and remaining major fraction thereof of the school district within his city, but in no case shall the mayor have less than one vote.
 (c) The aldermen of the city operating the city school district shall have one vote for each full $200,000 of equalized valuation and remaining major fraction thereof of the school district within the city. Each alderman present at a meeting of the fiscal board shall have the number of votes determined by dividing the total number of votes to which the aldermen are entitled by the total number of aldermen present at such meeting.
This method of weighting the votes was established by ch. 501, sec. 7, Laws of 1949. The Wisconsin Supreme Court sustained its constitutionality as being neither unreasonable nor arbitrary inZawerschnik v. Joint County School Comm., 271 Wis. 416, 437,73 N.W.2d 566 (1955). *Page 16 
The court in Zawerschnik did not explain in detail the basis for its conclusion. But since the fiscal board essentially decides how much money is to be spent and imposed on the local taxpayer, it is not unreasonable to conclude that voting strength should be in proportion to the taxpayer burden.
Zawerschnik, however, preceded the evolution of the one person, one vote principle. If that principle is applicable here, two other considerations now must be examined: (1) taxpayers in more populous and poorer property areas have relatively reduced voting strength; and (2) to sustain such vote dilution the state must show that it has a compelling interest. To show that the plan is not unreasonable is insufficient.
The one person, one vote principle is embodied in the equal protection clause of the fourteenth amendment to the United States Constitution. It is based on the conception of political equality. The object is to have equal representation for equal numbers of people. Reynolds v. Sims, 377 U.S. 533, 558, 559-60
(1964). "Legislators represent people, not trees or acres."Id. at 562. To say that a vote is worth more in one district than in another runs counter to the fundamental ideas of democratic government. Id. at 563-64. Each and every citizen has an inalienable right to full and effective participation in the political processes of his state's legislative bodies.Id. at 565. The one person, one vote principle, then, protects against dilution of the weight of votes, not merely the outright denial of the right to vote. Id. at 566 and City of Phoenix,Arizona v. Kolodziejski, 399 U.S. 204, 209 (1970).
Under this principle states may not draw lines on the basis of wealth, see Harper v. Virginia State Board of Elections, 383 U.S. 663,668 (1966), or where one happens to reside. Reynolds,377 U.S. at 563. Any line-drawing is subject to exacting judicial scrutiny, and the test is whether the state's action is necessary to promote a compelling interest. Kramer v. Union Free SchoolDistrict, 395 U.S. 621, 626, 627 (1969), and Hill v. Stone,421 U.S. 289, 297 (1975).
If the one person, one vote principle is applicable, it is unlikely that classifications on the basis of place of residence or wealth could ever meet the required burden for the Court has compared both criteria to classifications on the basis of race.Reynolds, 377 U.S. at 566, and Harper, 383 U.S: at 668. Butcompare Salyer Land Co. v. Tulare *Page 17 Lake Basin Water Stor. Dist., 410 U.S. 719 (1973) (voting may be based on wealth in special election concerning proportionate benefits and burdens on land).
The question whether the one person, one vote principle is applicable depends on whether the right to vote in an election is involved. The principle concerns "the right to vote in an election." Hadley v. Junior College Dist. of Metro. Kansas CityMo., 397 U.S. 50, 54 (1970). It applies "whenever a state or local government decides to select persons by popular election to perform governmental functions." Id. at 56 (emphasis added). Compare Hill v. Stone, 421 U.S. 289, 297 (1975) ("as long as the election in question is not one of special interest"). If the fiscal board functions as a nonelected administrative agency, the one person, one vote principle does not apply. See West Milwaukeev. Area Bd. Vocational, T. A. Ed., 51 Wis.2d 356, 380-86,187 N.W.2d 387 (1971), appeal dismissed for want of a substantial federal question, 404 U.S. 981 (1971). On the other hand, if the state has granted the franchise over the fiscal board to the electorate, the lines must be drawn in accord with the one person, one vote principle. See Kramer v. Union Free SchoolDistrict, 395 U.S. 621, 629 (1969).
In my opinion a fiscal board is not an elected body within the meaning of the one person, one vote principle. Rather, its membership being ex officio, it is a statutorily appointed body not subject to the one person, one vote principle.
In Sailors v. Board of Education of County of Kent, 387 U.S. 105
(1967), the Court upheld the composition of county school boards. The members of these boards were not elected by the general electorate. Instead, they were chosen by the elected representatives of local school boards. "Since the choice of members of the county school board did not involve an election . . ., the principle of `one man, one vote' has no relevancy."387 U.S. at 111.
There is a sense, of course, in which the choice of fiscal board members "involves an election" in as much as only those who have been popularly elected to certain offices are ex officio
members of the fiscal board. But in that sense, an election also was "involved" in Sailors because the members of the county school board were chosen by the designees of persons who had been elected. Further, under sec. 120.50(2)(am), Stats., towns are represented on the fiscal board by *Page 18 
the chairman "or designee of the chairman," and the voting strength of absent aldermen is distributed among the aldermen present under sec. 120.50(2)(c), Stats. Thus, in Wisconsin there is no election to the fiscal board. The fiscal board simply is composed of certain persons elected to other offices, or their designees.
The Wisconsin Supreme Court faced a similar situation in theWest Milwaukee case. The court upheld the composition of district boards of vocational education. These members were appointed by elected officials of the component units of government. The court said that the requirement of Wis. Const. art. XIII, sec. 9, calling for the popular election of certain officials, was met because "elected representatives . . . make the appointments."West Milwaukee, 51 Wis.2d at 382 (emphasis the court's). But the court found these same officials to be appointive for purposes of the one person, one vote principle by force of the holding inSailors. West Milwaukee, 51 Wis.2d at 383-84. I see no constitutionally significant distinction between a body appointed by elected representatives, as in Sailors and West Milwaukee, and a body statutorily composed of those same elected representatives, as here.
In contrast to cases like Sailors and West Milwaukee, where there was no election to the board in question, the one person, one vote principle was applied where trustees of a junior college district were directly elected by the people from component districts. In Hadley the selection of members from separate districts required that each district be established on a one person, one vote basis. 397 U.S. at 56. Here, on the other hand, there is no popular election of members to the fiscal board.
Sailors left open the question whether a popular election was required for legislative functions. 387 U.S. at 109-11. It confined its holdings to boards whose powers are "nonlegislative." Id. at 111. But as West Milwaukee points out, the powers to approve a budget and to levy a tax — powers enjoyed by the fiscal board — are regarded as administrative and not legislative for purposes of the one person, one vote principle. West Milwaukee, 51 Wis.2d at 384. Further, there is no constitutional right to vote in school district boundary matters. State ex rel. La Crosse v. Rothwell,25 Wis.2d 228, 233-35, 130 N.W.2d 806, 131 N.W.2d 699 (1964). *Page 19 
Accordingly, it is my opinion that the one person, one vote principle is not applicable to the weighted voting of a fiscal board. As a result, the decision of the Wisconsin Supreme Court in Zawerschnik v. Joint County School Comm., 271 Wis. 416,73 N.W.2d 566 (1955), upholding this voting plan remains in full force and effect.
BCL:CDH